UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

JOHN MATHEWS,
        **Plaintiff,**

                    Case # 13-CV-6314-FPG

v.

                    DECISION & ORDER

G. BURRITT, Correction Officer,
Groveland Correctional Facility
        **Defendant.**

---

*Pro se* Plaintiff John Matthews ("Plaintiff") filed the Complaint commencing this lawsuit on May 28, 2013, pursuant to 42 U.S.C. § 1983, alleging that G. Burritt, Correction Officer at Groveland Correctional Facility ("Defendant"), violated his constitutional rights by the following misconduct: excessive force, denial of equal protection, illegal search and seizure, and denial of medical care. ECF No. 1. By Transfer Order of Magistrate Judge David E. Peebles, Northern District of New York, the case was transferred to the Western District of New York (ECF No. 4), and the transferred case was filed herein on June 19, 2013 (ECF No. 5). At the time he filed the Complaint, Plaintiff, a prisoner in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), listed his address as Orleans Correctional Facility, 3831 Gaines Basin Road, Albion, NY 14411-9199. *Id.* By telephone call on October 23, 2013, Plaintiff updated his address to Livingston Correctional Facility, Box 91, Sonyea, NY 14556.

According to the DOCCS website records (http://nysdoccslookup.doccs.ny.gov), on February 21, 2014, Plaintiff was conditionally released from custody at the Livingston Correctional Facility to parole status with the New York State Division of Parole. Thereafter, on March 26, 2014, Magistrate Judge Marian W. Payson mailed via the United States Postal Service to Plaintiff at his Livingston Correctional Facility address, notice of a Letter Order granting

Defendant's request to file certain medical and confidential records under seal. ECF No. 13. The Letter Order marked with the notation "RETURN TO SENDER NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD," was returned as undeliverable to the Court on April 15, 2014.

On May 9, 2014, Defendant filed a Motion to Dismiss for Lack of Prosecution (ECF No. 14) and supporting documentation consisting of the Declaration of Bernard F. Sheehan, Esq., Assistant New York State Attorney General ("Sheehan Decl."), with Exhibits A-D and Memorandum of Law ("Def.'s Mem.") (ECF No. 14-1, 14-2), pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 5.2(d) of the Local Rules of Civil Procedure for the Western District of New York. Defendant's motion alleged that mail sent to Plaintiff at his address at the Livingston Correctional Facility regarding the Rule 26 Disclosures and Authorization for Release and Disclosure of Health Information, as well as a copy of the letter to Magistrate Judge Payson seeking permission to file certain medical and confidential records, (ECF No. 13), was returned as undeliverable, marked, respectively with the notations, "UNABLE TO FORWARD" and "NOT DELIVERABLE AS ADDRESSED, UNABLE TO FORWARD". *Id.*

On May 13, 2014, Plaintiff notified the Court that his address had changed from Livingston Correctional Facility to Syracuse Rescue Mission, 155 Gifford Street, Syracuse, NY 13202. On this same date, upon receipt of Plaintiff's change of address, the Court issued a Motion Scheduling Order & Notice to Pro Se Plaintiff ("Motion Scheduling Order") containing the notice to Plaintiff as set forth below:

> On May 9, 2014, defendant filed a motion to Dismiss the Complaint. Plaintiff is hereby advised that the defendant has asked the Court to decide this case without a trial and dismiss the Complaint based on written materials and for the reasons stated in the motion. THE CLAIMS PLAINTIFF ASSERTS IN HIS COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF

2

> HE DOES NOT RESPOND TO THIS MOTION by addressing the arguments contained in the defendant's motion. If plaintiff has any questions, he may direct them to the *Pro Se* office. Plaintiff must submit any materials in opposition to defendant's motion no later than June 13, 2014. Reply papers by the moving party must be filed no later than eight (8) business days following the filing of responding papers. **If plaintiff fails to respond, the Court will decide the motion based on the Complaint and the motion to dismiss.** The Court will not hold oral argument but will decide the motion based on the papers submitted.

ECF No. 15. The Motion Scheduling Order was sent via the United States Postal Service to Plaintiff at his listed address in Syracuse, NY, but was returned as undeliverable to the Court on June 11, 2014, marked with the notation "RETURN TO SENDER NO SUCH NUMBER UNABLE TO FORWARD." ECF No. 17.

In further support of the Motion to Dismiss, Defendant has submitted the Declaration of Bernard F. Sheehan, Assistant Attorney General ("Sheehan Decl. II") (ECF No. 18), stating that on May 20, 2014 he mailed to Plaintiff, at the address in Syracuse, NY provided to the Court, a notice of the intention to take Plaintiff's deposition at 10:00 A.M. on July 17, 2014, at the Regional Office of the New York State Office of the Attorney General, 144 Exchange Boulevard, Suite 200, Rochester, New York 14614-2176. *Id.* ¶¶ 3-4. The Declaration goes on to state that the cover letter, requesting that Plaintiff contact Mr. Sheehan if he was unable to attend on the specified date and location, and the Notice of Deposition were returned with the indications "NO SUCH NUMBER" and "UNABLE TO FORWARD." *Id.* ¶¶ 5-6. Mr. Sheehan states that on June 6, 2014, he sent another letter to Plaintiff, again, requesting notification regarding his attendance on the date and at the location set forth therein for the deposition. *Id.* ¶¶ 7-8. This letter, too, was returned with the indications, "NOT DELIVERABLE AS ADDRESSED" and "UNABLE TO FORWARD." *Id.* ¶ 9. Plaintiff failed to appear at the scheduled deposition and has not contacted the Attorney General's Office with a new address. *Id.* ¶ 13. Nor has Plaintiff contacted the Court with an updated address.

The Local Rules of Civil Procedure for the Western District of New York provide as follows:

> A party appearing *pro se* must furnish the Court with a current address at which papers may be served on the litigant. The Court will assume that the litigant has received papers sent to the address he or she provides. The Court must have a current address at all times. Thus, a *pro se* litigant must inform the Court immediately, in writing, of any change of address. Failure to do so may result in dismissal of the case, with prejudice.

L. R. Civ. P. 5.2(d). A review of the civil docket maintained in this case indicates that Plaintiff has failed to comply with the directive of the Local Rules of Civil Procedure to provide written notification to the Court of any change of address. "It is well-established that *pro se* litigants are obliged to follow the applicable rules of civil procedure." *Carpio v. Luther*, No. 06-CV-857F, 2012 WL 69841, at *2 (W.D.N.Y. March 1, 2012) (citing *Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) ("*pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them.") (quoting *Edwards v. I.N.S.*, 59 F.3d 5, 8 (2d. Cir. 1995) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss a complaint if the plaintiff fails to prosecute or comply with a court order. Fed. R. Civ. P. 41(b). District courts have been cautioned, notwithstanding such authorization, regarding dismissal of *pro se* complaints for procedural deficiencies. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) ("district courts should be especially hesitant to dismiss for procedural deficiencies where ... the failure is by a pro se litigant."). Although no single factor is dispositive, five factors must be considered in the determination to dismiss:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

4

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).

Here, on the very same day it received Plaintiff's change of address, the Court provided notice to him at the address of record regarding Defendant's Motion to Dismiss, as well as the attendant consequences of his failure to respond thereto.  It is evident from the mail returned to the Court as undeliverable by the United States Postal Service that Plaintiff moved from that address without notifying the Court of his new location.  Additionally, Plaintiff has failed to respond to the Motion to Dismiss.  More than five months have passed since he last notified the Court of any change in his address, and Plaintiff has failed to respond to the Defendant's Motion to Dismiss in accordance with the Court's Motion Scheduling Order, or to provide the Court with a new address.  Furthermore, prosecution of this case, including completion of discovery and obtaining deposition testimony, has been unreasonably delayed by the Plaintiff's failure to keep the Court apprised of his location as required.  In view of Plaintiff's failure to comply with the rules and provide the Court with the required notice of his whereabouts, the Court finds the sanction of dismissal to be appropriate under the circumstances.

Defendant's Motion to Dismiss, with prejudice, the Complaint filed in Case No. 13-CV-6314 (ECF No. 14), is hereby GRANTED.  The Clerk of the Court is directed to close this case forthwith.

IT IS SO ORDERED.

DATED:   Rochester, New York
         October 16, 2014

_____
HON. FRANK P. GERACI, JR.
United States District Judge